THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: March 30, 2017

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In the matter:

Luz Myriam Osorio,            Case No. 13-25522-GMH

    Debtor.                        Chapter 7

---

**DECISION AND ORDER DENYING DEBTOR'S MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATION OF DISCHARGE INJUNCTION**

---

       Debtor Luz Osorio filed this chapter 7 case in April 2013 and received a discharge in August 2013. In July 2016 she moved to reopen her case. At the same time she moved for contempt and sanctions against Onilda Martinez and David Axelrod, Martinez's attorney, for an alleged violation of the discharge injunction. (For ease of explication, this decision ignores Axelrod, who acted only on Martinez's behalf.) Osorio seeks an award of actual and punitive damages, sanctions, attorney's fees and court costs. CM-ECF Doc. Nos. 11, 18.

I

       Osorio's motion alleges that Martinez has pursued litigation against her in Illinois to collect discharged debts. The parties don't dispute the material facts surrounding that litigation.

       In 2012, before Osorio filed this bankruptcy case, Martinez filed a collection

lawsuit against Osorio in the Circuit Court of Lake County, Illinois (the "Lake County Court"), Case No. 12-AR-702 (the "Lake County Case"). Affidavit of David Axelrod ("Axelrod Aff."), CM-ECF Doc. No. 20 at ¶¶2, 4. The Lake County Court awarded Martinez a $31,276.08 judgment against Osorio, personally, on August 12, 2012 (the "2012 Judgment"). Axelrod Aff., CM-ECF Doc. No. 20 at ¶4.

Osorio was a partial owner of Chrisprosolp, LLC. CM-ECF Doc. No. 18 at Ex. B, ¶14; see also CM-ECF Doc. No. 1 at 10, 42. In an effort to collect on the 2012 Judgment, Martinez served Chrisprosolp with a "Citation to Discover Assets to Third Party" dated December 3, 2012. Axelrod Aff., CM-ECF Doc. No. 20 at ¶5, Ex. A.

The citation commanded Chrisprosolp to appear on January 9, 2013, at 9:00 a.m. "to be examined under oath concerning the property or income of, or indebtedness due Luz Myriam Osorio." *Id.* The citation further stated that Chrisprosolp's failure to appear at the examination might result in, among other things, "entry of a judgment for the amount unpaid." *Id.* (all capitalized in original). On January 9, 2013, after Chrisprosolp failed to appear as commanded, the Lake County Court entered a conditional judgment against Chrisprosolp for $32,820.26 plus costs under 735 ILCS 5/2-1402(k-3) and 5/12-706(a).[1] Axelrod Aff., CM-ECF Doc. No. 20 at ¶6, Ex. B.

Osorio filed this chapter 7 bankruptcy case a few months later. Martinez had notice of Osorio's bankruptcy case; she also knew that this court entered a discharge order on August 5, 2013. Axelrod Aff., CM-ECF Doc. No. 20 at ¶¶4, 7; CM-ECF Doc. No. 19 at 5, 16. That order enjoined Martinez from collecting her prepetition debt from Osorio personally. 11 U.S.C. §524(a).

Two weeks after this court entered Osorio's discharge, the Lake County Court, at Martinez's request, issued a summons in *Martinez v. Osorio*, 12-AR-702, to Chrisprosolp, as "Garnishee Employer" to confirm the January 9, 2013, conditional judgment issued against Chrisprosolp. Axelrod Aff., CM-ECF Doc. No. 20 at ¶8, Ex. C. This summons required Chrisprosolp to make an appearance in the case on or before September 11, 2013, "and show cause why the conditional judgment for $33,134.84 entered against [Chrisprosolp] on 01/09/2013 should not be made final." Axelrod Aff., CM-ECF Doc. No. 20 at ¶8, Ex. C. The summons warned that Chrisprosolp's failure to appear might lead to confirmation of the conditional judgment. *Id.*; see also 735 ILCS 5/12-706(a) ("If

---

[1] 735 ILCS 5/2-1402(k-3) states, "[t]he court may enter any order upon or judgment against the respondent cited that could be entered in any garnishment proceeding under Part 7 of Article XII of this Code." 735 ILCS 5/12-706(a) provides that if a person summoned as a garnishee "fails to appear and answer as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor."

the garnishee, after being served with summons to confirm the conditional judgment . . . fails to appear and answer, the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs.").

Chrisprosolp failed to appear on September 11, 2013, as the summons commanded. Based on this failure, the Lake County Court entered "a final judgment . . . against Chrisprosolp, LLC in favor of Luz Myriam Osorio for the use of Onilda Martinez in the amount of $34,639.97 plus costs." Axelrod Aff., CM-ECF Doc. No. 20 at ¶9, Ex. D.

On November 4, 2013, the Lake County Court, at Martinez's request, issued an "Alias Citation to Discover Assets" to "Luz Myriam Osorio, individually and as agent for Chrisprosolp LLC." Axelrod Aff., CM-ECF Doc. No. 20 at ¶10, Ex. E. The November 4, 2013, alias citation ordered Osorio to appear on December 9, 2013, "to be examined under oath concerning the property or income of, or indebtedness due *Chrisprosolp LLC*. **Judgment was entered on September 11, 2013, in the amount of $34,639.97 plus costs.**" Axelrod Aff., CM-ECF Doc. No. 20 at ¶10, Ex. E (all emphasis in original).

Osorio did not appear on December 9, 2013. The Lake County Court then issued a conditional judgment "against Luz Myriam Osorio in favor of Chrisprosolp LLC for the use of Onilda Martinez in the amount of $35,545.15 plus costs." Axelrod Aff., CM-ECF Doc. No. 20 at ¶11, Ex. F.

Following this, Martinez requested that the Lake County Court issue an "Alias Summons to Confirm Conditional Judgment", which it did on January 13, 2014. Axelrod Aff., CM-ECF Doc. No. 20 at ¶13, Ex. G; see 735 ILCS 5/12-706(a). The January 13, 2014, alias summons identifies Luz Myriam Osorio as the "Defendant" and "Chrisprosolp LLC" as the "Garnishee". Axelrod Aff., CM-ECF Doc. No. 20 at ¶13, Ex. G. The January 13, 2014, alias summons is addressed "To the Garnishee"— Chrisprosolp—but directs service on Luz Myriam Osorio. *Id.* The alias summons states: "You are summoned and required to appear . . . on 02/10/2014 and show cause why the conditional judgment for $35,545.15 entered against you on 12/09/2013 should not be made final." Axelrod Aff., CM-ECF Doc. No. 20 at ¶13, Ex. G (capitalization altered). The summons further states that the court might confirm the conditional judgment if "you"—the garnishee, Chrisprosolp—fail to appear. *Id.*

Even though the January 13, 2014, alias summons was directed to Chrisprosolp, on February 10, 2014, the Lake County Court issued a conditional judgment against Osorio. Axelrod Aff., CM-ECF Doc. No. 20 at ¶14, Ex. H. The conditional judgment states, "a final judgment is entered against Luz Myriam Osorio in favor of Judgment-

Debtor Chrisprosolp LLC for the use of Onilda Martinez in the amount of $36,213.26 plus costs." Axelrod Aff., CM-ECF Doc. No. 20 at ¶14, Ex. H; see also CM-ECF Doc. No. 20 at 53.

On December 8, 2014, Osorio filed a motion to vacate the Lake County Court's December 9, 2013, conditional judgment and February 10, 2014, judgment. Axelrod Aff., CM-ECF Doc. No. 20 at ¶15, Ex. I. Osorio argued that the debt owed to Martinez was discharged in her bankruptcy case and therefore the judgments should be vacated. *Id.* The Lake County Court denied her motion. Axelrod Aff., CM-ECF Doc. No. 20 at ¶16, Ex. J.

On March 31, 2016, Martinez domesticated the February 10, 2014, judgment against Osorio in the Circuit Court for Kenosha County, Wisconsin. Axelrod Aff., CM-ECF Doc. No. 20 at ¶ 20, Ex. N.

Osorio contends here that all of Martinez's litigation against her after August 5, 2013, her discharge date, violates the discharge injunction.

II

Osorio bears the burden to prove Martinez violated the discharge injunction. *In re Weinhold*, 393 B.R. 623, 628 (Bankr. E.D. Wis. 2008); *In re Pincombe*, 256 B.R. 774, 782 (Bankr. N.D. Ill. 2000); *In re Andrus*, 184 B.R. 311, 315 (Bankr. N.D. Ill. 1995). To meet this burden Osorio must prove that (a) Martinez commenced or continued proceedings or otherwise acted to collect a discharged debt and (b) did so willfully. 11 U.S.C. §524(a)(2); *In re Weinhold*, 393 B.R. at 628–29. The willful element requires a showing that Martinez "(1) had knowledge of the post-discharge injunction; and (2) intended the actions which violated the injunction." *In re Weinhold*, 393 B.R. at 629; *see also In re Pincombe*, 256 B.R. at 783.

Martinez agrees that this court's discharge order bars collection of Osorio's personal liability on the pre-petition 2012 Judgment. See Axelrod Aff., CM-ECF Doc. No. 20 at ¶¶4, 7; see also CM-ECF Doc. No. 19 at 5, 16. She also agrees that she knew about the discharge injunction. *Id.* Martinez contests that she sought to collect a discharged debt or that she intended to violate the discharge injunction.

III

First is jurisdiction. Martinez argues that the *Rooker-Feldman* doctrine prevents this court from adjudicating whether she violated the discharge injunction. Osorio

moved the Lake County Court to vacate its December 9, 2013, and February 10, 2014, judgments, arguing that they violated the discharge injunction and 11 U.S.C. §524(a). Axelrod Aff., CM-ECF Doc. No. 20, Ex. I. The Lake County Court denied Osorio's motion to vacate, and she did not appeal. Martinez contends that in light of that state-court order, *Rooker-Feldman* deprives this court of jurisdiction to decide whether the February 10 judgment and her other conduct offends the discharge injunction.

The *Rooker-Feldman* doctrine is not an obstacle to this court's enforcement of the discharge injunction. *Rooker-Feldman* is based on the observation that Congress has principally bestowed federal trial courts with original, not appellate, jurisdiction. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005). Original jurisdiction does not include authority to review final judgments of state courts. *Id.* Congress has (for the most part, see, e.g., 28 U.S.C. §2254) granted the Supreme Court exclusive authority to review state-court judgments. See 28 U.S.C. §1257(a); see also *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002); *GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 727–28 (7th Cir. 1993).

When a party presents a claim over which this court has original jurisdiction, *Rooker-Feldman* does not bar consideration of that claim, even if the claim "denies a legal conclusion that a state court has reached in a case to which he was a party". *GASH*, 995 F.2d at 728. The district court has "original and exclusive jurisdiction over all cases under title 11." 28 U.S.C. §1334(a). The district court has referred those cases to this court, as Congress authorized in 28 U.S.C. §157(a).

In moving to enforce the discharge injunction Osorio invokes this court's original jurisdiction under 28 U.S.C. §§1334(a) and 157. This court entered a discharge order in Osorio's bankruptcy case—a case under title 11. Section 524(a) of title 11 gives the discharge order injunctive force. See *Cox v. Zale Del., Inc.*, 239 F.3d 910, 915 (7th Cir. 2001) ("the creditor who attempts to collect a discharged debt is violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge."). Thus, Osorio's claim that this court should sanction Martinez for violating the discharge injunction is a claim for contempt over which this court has original jurisdiction. *Id.* at 915–17.

This court "retains jurisdiction to enforce [the discharge] injunction[]." *Id.* at 917. *Rooker-Feldman* does not prevent this court from exercising that jurisdiction, even when the allegation is that a state-court judgment violates the discharge injunction. If that judgment offends the discharge injunction, this court can declare the judgment void as an ongoing exercise of its exclusive original jurisdiction over this case under title 11. See 28 U.S.C. §§1334(a) & 157(b); see also *Cox*, 239 F.3d at 917; *Exxon Mobil*, 544 U.S. at 284

("The *Rooker–Feldman* doctrine . . . is confined to cases . . . brought by state-court losers *complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced* and inviting district court review and rejection of those judgments." (emphasis added)).

IV

As mentioned earlier, before moving this court for contempt and discharge-violation sanctions, Osorio asked the Lake County Court to vacate its December 2013 and February 2014 judgments. In moving to vacate those judgments, Osorio argued that they violated the discharge injunction and 11 U.S.C. §524(a). CM-ECF Doc. 20,Ex. I. The Lake County Court denied Osorio's motion. Based on that denial, Martinez appears to argue that claim preclusion bars Osorio's request for sanctions to the extent that Osorio's request is based on an allegation that Martinez's efforts to collect the February 2014 judgment offend the discharge injunction.

"Preclusion in federal litigation following a judgment in state court depends on the Full Faith and Credit Statute, 28 U.S.C. §1738, which requires the federal court to give the judgment the same effect as the rendering state would." *GASH*, 995 F.2d at 728 (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373 (1985)). Judgments in Illinois, as elsewhere, have preclusive effect under the doctrines of both res judicata and collateral estoppel. See *Nowak v. St. Rita High School*, 757 N.E.2d 471, 477 (Ill. 2001).

A

Res judicata, also known as claim preclusion, prohibits a party from litigating claims for relief that a court of competent jurisdiction already finally decided:

> The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction acts as an absolute bar to a subsequent action between the same parties or their privies involving the same claim, demand, or cause of action. The bar extends to all matters that were offered to sustain or defeat the claim in the first action, as well as all matters that could have been offered for that purpose.

*Arvia v. Madigan*, 809 N.E.2d 88, 97 (Ill. 2004).

Res judicata does not apply here because the Lake County Court could not have ruled on Osorio's claim for discharge violation sanctions, even if she had raised it there. Section 524 of title 11 defines the scope of the discharge order entered by the

bankruptcy court. Neither §524 nor any other section of the Bankruptcy Code creates a cause of action for violating that order—the appropriate enforcement mechanism is a motion for contempt. As a result, only the bankruptcy court, exercising original and exclusive federal jurisdiction under 28 U.S.C. §§1334(a) and 157, may award sanctions for violating the discharge injunction. Because the state court could not entertain Osorio's request for sanctions, claim preclusion does not bar her from pursuing that claim in this court. *Arvia*, 809 N.E.2d at 97–98 (res judicata requires a judgment by a court competent to decide the claim).

B

The Lake County Court had jurisdiction to consider Osorio's contention that the December 9, 2013, and February 10, 2014, judgments violated her bankruptcy discharge as a potential reason to vacate its own judgments. *Cox*, 239 F.3d at 917. The Lake County Court denied her motion to vacate, which might support a suggestion that Osorio's present motion to enforce the discharge injunction is barred by collateral estoppel. Martinez, however, argues only "claim preclusion"; she appears to have forfeited any issue preclusion or collateral estoppel defense. And issue preclusion does not foreclose Osorio's request for sanctions in all events.

Issue preclusion or "collateral estoppel," as Illinois prefers, prevents parties from re-litigating facts or issues finally decided against them. Illinois law, which governs but which Martinez ignores, applies collateral estoppel only if three "minimum threshold requirements" apply—identity of issues, a final judgment on the merits, and participation by the party to be bound:

> The minimum threshold requirements for the application of collateral estoppel are: (1) the issue decided in the prior adjudication is *identical* with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.

*Nowak*, 757 N.E.2d at 478 (emphasis in original). Consistent with her emphasis on claim preclusion, Martinez does not show how these minimum requirements are met. But Osorio plainly was a party to the Illinois proceedings. And Osorio invoked the discharge injunction as grounds for vacating the February 2014 judgment. Whether an Illinois court would consider the denial of a motion to vacate to be "a final judgment on the merits" for collateral estoppel purposes, however, is less obvious. Martinez's failure to show how this collateral estoppel requirement is satisfied supports not applying the

doctrine here.

In addition, Illinois allows a court to eschew applying collateral estoppel when doing so would be "unfair" because the party did not have a "full and fair opportunity" to present the issue in the previous proceeding. *Id.* "In deciding whether the doctrine of collateral estoppel is applicable in a particular situation, a court must balance the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case." *Id.* The Lake County Court gave no reasons for denying Osorio's request to vacate the February 2014 judgment. The attorney-prepared, hand-written order it entered states, "the court being fully advised in the premises[:] It is hereby ordered that Defendant's motion to vacate is denied." CM-ECF Doc. 20, Ex. J (capitalization as in original). Martinez has offered only Osorio's motion and this order in support of her preclusion argument. Balancing the need to limit litigation against Osorio's right to a fair adversary proceeding in which to develop her discharge-violation issue fully, Martinez has not shown that Illinois' fairness requirement is satisfied. *Id.* (application of collateral estoppel requires court to conclude that "it is clear that no unfairness [would] result[]"). Therefore, collateral estoppel does not defeat Osorio's claim that Martinez violated the discharge injunction.

## V

Osorio contends that Martinez's post-discharge state-court proceedings violated the discharge injunction for several reasons. None affords a basis for finding a violation.

### A

Osorio first argues that in response to her bankruptcy case and the discharge Martinez was required to dismiss the Lake County Case. Osorio points out that Martinez commenced the Lake County Case before she filed for bankruptcy. Martinez's 2012 Judgment in that case and the debt that gave rise to it were discharged. Osorio contends that because all of Martinez's acts continued litigation that occurred in the Lake County Case, Martinez violated the discharge injunction.

There is no dispute that this court's August 5, 2013, discharge order in Osorio's bankruptcy case discharged the 2012 Judgment and barred Martinez from collecting that debt from Osorio personally. But before Osorio filed her bankruptcy case Martinez had already taken steps to collect Osorio's debt from Chrisprosolp. Martinez served Chrisprosolp with a citation to discover assets in December 2012. Chrisprosolp failed to respond. The Lake County Court then entered a conditional judgment against Chrisprosolp in January 2013. Osorio's contempt motion arises out of Martinez's

attempts to collect this judgment against Chrisprosolp.

Osorio does not suggest that Martinez pursued collection of prepetition debts in the Lake County Case while her bankruptcy case was pending. Osorio also does not develop an argument that 11 U.S.C. §362(a)(1)'s automatic stay required Martinez to dismiss the Lake County Case.

Regardless, by the time Osorio filed for bankruptcy, Chrisprosolp had failed to appear as commanded by the December 2012 citation, and the Lake County Court had entered a conditional judgment against Chrisprosolp, an entity separate from Osorio. Osorio has not shown or suggested that the pendency of the proceedings against Chrisprosolp had an adverse effect on her or property of the bankruptcy estate when the automatic stay was in effect. Under these circumstances, Martinez's mere failure to dismiss the Lake County Case did not violate §362(a). See *In re Panos*, 2013 WL 1498889, *3 (Bankr. E.D. Wis. Apr. 10, 2013); see also *Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314–15 (7th Cir. 1983).

B

1

Martinez's post-discharge actions in the Lake County Case also did not offend the discharge injunction. Section 524(a) provides that the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor". 11 U.S.C. §524(a)(2). The post-discharge August 2013 summons to confirm the conditional judgment was against Chrisprosolp, not Osorio. The Lake County Court's September 2013 final judgment was similarly against Chrisprosolp.

The Lake County Court entered the September 2013 judgment because Chrisprosolp failed to appear in response to a citation to discover assets and later failed to appear in response to a summons. Chrisprosolp's failure to appear gave rise to liability and a judgment individual to Chrisprosolp, rather than Osorio. Under Illinois' supplementary proceedings law, the failure to obey a citation to discover assets and a summons to confirm a conditional judgment may give rise to entry of judgment, like the September 2013 judgment against Chrisprosolp.[2] "The court may enter any order

---

[2] Illinois law provides judgment creditors with the right to prosecute supplementary proceedings against judgment debtors and others indebted to the judgment debtor or holding the judgment debtor's property. 735 ILCS 5/2-1402(a). A supplementary proceeding is "commenced by the service of a citation issued by

upon or judgment against the respondent cited that could be entered in any garnishment proceeding under Part 7 of Article XII of this Code." 735 ILCS 5/2-1402(k-3). Part 7 of Article XII of the Illinois statutes, 735 ILCS 5/12-706(a), states:

> When any person summoned as garnishee fails to appear and answer as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the garnishee . . . commanding the garnishee to show cause why the judgment should not be made final. If the garnishee, after being served with summons to confirm the conditional judgment . . . fails to appear and answer, **the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs**.

735 ILCS 5/12-706(a) (emphasis added).

As this review of Illinois collection procedures shows, the judgment Martinez obtained against Chrisprosolp for Chrisprosolp's failure to appear in response to collection process is a liability distinct from Osorio's discharged debts. Martinez's continuation of proceedings against Chrisprosolp and efforts to collect on the judgment entered against Chrisprosolp are not acts to collect a debt as a personal liability of Osorio. See *In re Gray*, 97 B.R. 930, 935 (Bankr. N.D. Ill. 1989); see also *In re Wasserman*, 2015 WL 8861107 (Bankr. N.D. Ill. Dec. 16, 2015). Thus, those acts do not offend §524(a), even though Martinez pursued them in the Lake County Case that she originally commenced against Osorio before Osorio filed for bankruptcy.

2

Osorio complains, however, that Martinez also seeks to collect from her, not just Chrisprosolp. But the liability Martinez now seeks to collect from Osorio arose after she filed for bankruptcy in April 2013 and after her discharge issued in August 2013. It is a liability based on Osorio's failure to appear in response to the November 2013 alias citation to discover assets of Chrisprosolp. After Osorio failed to appear, the Lake

---

the clerk." 735 ILCS 5/2-1402(a). Illinois Supreme Court Rule 277 governs the procedure for supplementary proceedings. ILCS S. Ct. Rule 277. The judgment creditor may commence a supplementary proceeding against "any third party the judgment creditor believes has property of or is indebted to the judgment debtor." ILCS S. Ct. Rule 277(a). A supplementary proceeding is "commenced by the service of a citation on the party against whom it is brought." ILCS S. Ct. Rule 277(b). In addition, "[a]ny person who fails to obey a citation, subpoena or order . . . issued pursuant to any provision of this rule may be punished for contempt." ILCS S. Ct. Rule 277(h).

County Court entered a conditional judgment against her on December 9, 2013; and in February 2014 after Osorio did not appear in response to a subsequent summons, the Lake County Court entered judgment against her in the amount of Chrisprosolp's debt.

Osorio emphasizes that the November 2013 alias citation to discover assets was served on her "individually" and as an agent of Chrisprosolp. This makes no difference. The citation makes clear that it seeks information about Chrisprosolp's property, which might be collected to satisfy the September 2013 judgment against Chrisprosolp. It states that Osorio was commanded to appear "to be examined under oath concerning the property or income of, or indebtedness due *Chrisprosolp LLC*. **Judgment was entered on September 11, 2013, in the amount of $34,639.97 plus costs.** $34,639.97 plus costs remains unsatisfied." Axelrod Aff., CM-ECF Doc. No. 20 at ¶10, Ex. E (all emphasis in original). The November 4, 2013, alias citation was thus not an attempt to collect the 2012 Judgment against Osorio (which was discharged) but, rather, was an attempt to collect the independent liability of Chrisprosolp that was established when the Lake County Court issued a judgment against Chrisprosolp on September 11, 2013.

When Osorio failed to appear as commanded by the November 4, 2013, alias citation, Martinez then availed herself of the remedy provided by 735 ILCS 5/12-706(a) and obtained a conditional judgment against Osorio. On February 10, 2014, the Lake County Court confirmed the conditional judgment as a final judgment. This judgment is *independent* of any pre-petition debt Osorio owes Martinez—it arises from Osorio's post-petition failure to comply with the legal process by which Martinez sought to collect Chrisprosolp's debt, rather than from Osorio's personal liability on the discharged 2012 Judgment. The bankruptcy discharge thus does not bar enforcement of the February 2014 judgment. It follows from this conclusion that Martinez's domestication of the February 2014 judgment as a judgment against Osorio in the Kenosha County Circuit Court on March 31, 2016, similarly does not offend the discharge injunction.

VI

Osorio also contests the validity of the Lake County Court's judgments. She argues that Martinez did not properly serve the August 19, 2013, summons to confirm the conditional judgment against Chrisprosolp or the November 4, 2013, alias citation. See CM-ECF Doc. No. 18 at 3, 6, 7 n.4, Ex. B and Ex. C.

Whether the Lake County Court erred as a matter of state law in entering judgment against Osorio is irrelevant to whether Martinez's acts offend the discharge injunction. Even if Martinez improperly served the summons and citation, neither the service nor the resulting judgment were acts to collect a discharged debt.

As a result, Osorio's challenge to the propriety of the Lake County Court's judgment does not implicate the discharge injunction. This court, therefore, lacks jurisdiction to review whether the Lake County Court improperly entered the February 2104 judgment. See *Exxon Mobil*, 544 U.S. at 284.

## VII

Osorio's motion for contempt and for sanctions for violation of the discharge injunction is denied.

# # # # #